CLERK OF THE COURT
300 N. Hogan Street, Suite 9-150
Jacksonville, Florida 32202

Provided to Graceville Correctional Facility on
12.28.23 for mailing, by (D) EAH

EDWARD HINES, Jr.
 Petitioner,
v.
STATE OF FLORIDA
 Respondent,

"REQUEST FOR LODGEMENT OF RECORD"

CASE NO.: 10-542-CF (c)

3:24-cv-4-MMH-MCR

Sub judice Petitioner Edward Hines petitioning this Honorable Court for an order to provide a lodgement of records in my criminal case to aid in meeting my burden in a second & successive 28 U.S.C. Section 2254 — as this Court is well aware, the burden lies with the Petitioner to attach documents in support of the claims being raised... In the instant case, claims have appeared that originally did not seem to be plausible in earlier filings — the immediate problem is not timeliness but rather the ability to demonstrate violations by attaching documents that were not previously provided... Some transcripts have been provided previously but prison life has prevailed in removing them from this Petitioner's possession — the grievance process has been utilized to nearly no avail — denial of this request would not only preclude Petitioner from meeting his burdens in the Eleventh Circuit but likewise in the U.S. Middle District. Moreover, it would effectively deny this Petitioner the protective provisions of the First Amendment right to access to the Court.

Nota bene: Petitioner has previously filed written requests pursuant to the "Public Records Act" and Art. I, Section 24 of the Constitution of the State of Florida, all to no avail.

Nota bene #2: As a case in point — Armey v. Secretary Dept. of Corrections, 8:13-cv-01321-MSS-AEP, at Doc. #45 and #51, a very similar request and ratio legis was presented to this honorable forum and granted for the same reasons, & further support. The United States Constitution's Article III's case or controversy and FED.R.Civ.P. 15(c)(2) likewise permits new claims — as those this Petitioner will be presenting — filed after the expiration period to be deemed timely on the ground that it (or they) relate back to the timely filed (or first) petition — the "same core of operative facts." limitation makes it imperative that placeholder petitions make every effort to identify and challenge any and all claims — At bar Petitioner intends to present 21 new claims at the state level (for "exhaustion") and future federal review that documents (requested) must be attached to support and demonstrate "core-of-operative-facts" — thus, adding the additional supporting facts and documents are clearly a required burden placed upon this indigent Petitioner. It should be further noted by this court that this Petitioner has been declared indigent at the state level, wherefore Federal rules mandate a similar classification... Anything contrary to that precedent would constitute a denial of equal access claim.

At least one intended claim will be presented by Physical Fact Evidence (documents in state files) demonstrating the governments preventive tactics ("DISCOVERY") deployed to preclude this Petitioner and legal aid organizations from relief simply by failing to produce relevant evidence in a reasonable period and or by concealing pertinent evidentiary documents in either "nole prosequi" or prior case files. See also, [*] Stillman v. LaMarque, 319 F.3d 1199, 1202-03. (9th Cir. 2003).

Petitioner will petition the Federal Appeals Court, upon state exhaustion, for permission to file a "Second & Successive" 28 U.S.C. Section 2254 Petition....

page 1 of 2

Nota bene #3: Yet another option would be to provide this Petitioner the $4,500.00 to purchase the necessary documents: there's a case directly on point with this provision, Price v. Mounts, 421 So.2d 690 (1982).

However, there's a much easier method with controlling (sic) stare decisis; Draper v. Mascara, et al. Case No: 2:07-cv-14029 or https://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?289570 (Document Number 58)

***NOTE TO PUBLIC ACCESS USERS***

Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro-se litigants) to receive one free electronic copy of all documents filed, if receipt is required by law or directed by the filer, PACER access fees apply to all other users. Thus, this humble Petitioner prays this Court direct the clerk to download all documents on file in this forum to the Petitioners personal Media Device, Jpeg's at: aid-jpg-6fe3o7a4/CustomerSite11570.

## OATH

Under penalty of perjury, (sic), I declare the above to be true and correct.

/s/:
Edward Hines, FDOC# 133858
Graceville Correctional & Rehab. Fac.
5168 Ezell Road
Graceville, Florida 32440

## CERTIFICATE OF SERVICE

I do hereby certify, that true and correct copies of the foregoing instrument have been provided, by hand, to Graceville staff, for mailing (by pre-paid First-Class postage to, Clerk of Court, 300 N. Hogan Street Suite 9-150, Jacksonville, Florida 32202 and to the Florida Attorney General Ashley Moody, of PL-01 The Capitol, Tallahassee, FLORIDA. 32399-1050.

/s/: Edward Hines
Edward Hines, FDOC# 133858